JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Jerome Mason appeals his domestic violence and robbery convictions as being against the manifest weight of the evidence. We affirm.
 {¶ 2} Appellant was indicted on one count of domestic violence, with a prior conviction, a felony of the fourth degree in violation of R.C.2919.25(A); one count of robbery, a felony of the third degree in violation of R.C. 2911.02(A)(3); and one count of robbery, a felony of the second degree in violation of R.C. 2911.02(A)(2). A jury found appellant guilty of all counts, and he was sentenced to a three-year prison term.
 {¶ 3} At trial, the victim, Carol Waller, Officer Robert Yuhas and Detective Alberto Sardon testified. *Page 2 
 {¶ 4} Waller testified that she and appellant had been in a relationship with each other for ten years and lived together for about five years. They stopped living together approximately one month before the incident in this case. Waller explained that she asked appellant to leave the house because he was not contributing to the family income and household expenses, and it was the cause of many arguments between the two of them.
 {¶ 5} Waller testified that on the day of the incident, she commuted to work on the bus, as was her everyday custom. She stated that appellant was aware of her commuting and work customs. Waller described that after she had gotten off the bus at the end of her work day and was walking home, appellant approached her from behind and started arguing with her. After arguing with her for a few minutes, appellant hit her in the back of the head and grabbed her purse. He then took approximately $130 from her wallet, threw the purse to the ground, and walked away.
 {¶ 6} Waller testified that she was upset and that appellant hurt her when he hit her, but she had to get her daughter from the babysitter's house, which she did. Shortly after she arrived home, she called the police. She testified that although appellant hurt her, she did not feel it was bad enough to seek medical attention. Waller admitted that she voluntarily sent a letter to the prosecutor's office asking that the charges against appellant be dropped. She explained that she sent the letter *Page 3 
because she wanted appellant to begin supporting his children and "take care of his business and do the right thing."
 {¶ 7} Officer Yuhas responded to Waller's home. Although he did not observe any injury to Waller's head, he observed that she appeared to be upset and angry, and was pacing back and forth, almost crying. After taking Waller's statement, Officer Yuhas and his partner searched the area where she said the assault occurred, but did not find appellant.
 {¶ 8} Investigating Detective Sardon testified that he reviewed the police report and Waller's statement from the date of the incident, and then contacted Waller to give a more detailed statement. The detective also prepared a photo array that included appellant, and Waller identified appellant from the array. After his attempts to locate appellant were unsuccessful, he issued a warrant for his arrest.
 {¶ 9} In his sole assignment of error, appellant contends that his convictions were against the manifest weight of the evidence. We disagree.
 {¶ 10} Manifest weight is a question of fact. State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541. If the trial court's judgment is found to have been against the manifest weight of the evidence, then an appellate panel may reverse the trial court. Id at 387. Under this construct, the appellate court "sits as the `thirteenth juror' and disagrees with the jury's resolution of the conflicting testimony." Id. *Page 4 
 {¶ 11} In a manifest weight analysis, an appellate court "reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and * * * resolves conflicts in the evidence." Thompkins at 387. "A court reviewing questions of weight is not required to view the evidence in a light most favorable to the prosecution, but may consider and weigh all of the evidence produced at trial." Id. at 390 (Cook, J., concurring). An appellate court may not merely substitute its view for that of the jury, but must find that "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id. at 387. See, also, id. at 390 (Cook, J., concurring) (stating that the "special deference given in a manifest-weight review attaches to the conclusion reached by the trier of fact."). Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." Id. at 387.
 {¶ 12} R.C. 2919.25(A), governing domestic violence, provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." R.C. 2911.02(A)(3), governing third degree felony robbery, provides that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 13} "* * *
 {¶ 14} "(3) Use or threaten the immediate use of force against another." *Page 5 
 {¶ 15} R.C. 2911.02(A)(2), governing second degree felony robbery, provides that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 16} "* * *
 {¶ 17} "(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another[.]"
 {¶ 18} A review of the record does not reveal that the jury lost its way. Waller testified that prior to this incident, she and appellant had been having arguments about his lack of income and contribution to the household expenses. Those arguments led Waller to ask appellant to leave the house. About one month after appellant had moved out of the house, he approached Waller from behind while she was walking home from work, argued with her, then hit her in the back of the head and grabbed her purse. After going through Waller's wallet and taking approximately $130 from it, appellant threw the purse to the ground and walked away. Waller testified that appellant was aware of her daily routine. She also testified that appellant hurt her when he hit her, but she did not think it was bad enough to seek medical treatment. Officer Yuhas observed Waller to be upset and angry, and pacing back and forth, almost crying.
 {¶ 19} Based on this evidence, appellants' sole assignment of error is overruled. *Page 6 
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANTHONY O. CALABRESE, JR., P.J., and MARY J. BOYLE, J., CONCUR *Page 1